FILED

NOV 2 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MUHAREM KURBEGOVICH,<br><br>                    Petitioner,<br><br>          v.<br><br>FBI (FEDERAL BUREAU OF<br>INVESTIGATION),<br><br>                Respondent. | Civil No.   08-2132 IEG (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2)  DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma pauperis.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

/ / /

## FAILURE TO NAME THE PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "FBI (Federal Bureau of Investigation)," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

/ / /

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Further, upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973).  When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

In his petition, Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims: (1) his federal rights to freedom of speech and religion are being violated; (2) his mail is being seized and/or stolen; (3) he is being held "incommunicado"; and (4) the "moral turpitude of most prison officials and of almost all judiciary." (Pet. at 6-9.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).  It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

/ / /

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with leave to amend.  If Petitioner wishes to proceed with a Petition for Writ of Habeas Corpus, he must, **no later than January 26, 2009**, file a First Amended Petition which sets forth any federal constitutional challenges he wishes to bring against his state court conviction.  If Petitioner wishes to challenge the conditions of his confinement, he must file a civil rights complaint pursuant to 42 U.S.C. § 1983, which will be given a new case number. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK FIRST AMENDED PETITION FORM AND A BLANK CIVIL RIGHTS COMPLAINT FORM PURSUANT TO 42 U.S.C. § 1983 TOGETHER WITH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: ___11/21/08___          _____

Irma E. Gonzalez
Chief Judge, United States District Court